IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD TREGO, et al., | : | |
| | : | Case No. 2:09-CV-0806 |
| Plaintiffs, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | |
| ALLSTATE INSURANCE COMPANY | : | Magistrate Judge Mark R. Abel |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

**I. INTRODUCTION**

There are six motions pending before this Court related to the trial scheduled to begin February 4, 2013. They are: (A) Defendant's Motion to Present Testimony of Bruce Smith Via Deposition (Doc. 61); (B) Defendant's Motion for Extension of Time to Designate Portions of Deposition of Bruce Smith (Doc. 60); (C) Defendant's Motion to Exclude Witnesses Listed in Plaintiffs' 26(a)(1) Disclosure; (D) Defendant's Motion to Prevent Anticipated Hearsay at Trial (Doc. 56); (E) Defendant's Motion to Define Available Contractual Damages (Doc. 55); and (F) Defendant's Motion to Preclude Application of the "Innocent Spouse" Rule (Doc. 62). A review of each motion and the Court's rulings follow.

**II. BACKGROUND**

On August 23, 2008, Plaintiffs' house, located in Lancaster, Ohio, burned to the ground. Plaintiffs held a homeowner insurance policy with Defendant on the house ("the Policy"). Plaintiffs submitted a claim for the loss which, following an investigation, Defendant denied. The investigation revealed two fires started in the house more or less simultaneously and that both were incendiary in nature. The cause of the fires is not dispute. Defendant asserted Plaintiffs had participated in the fire loss and misrepresented their activities and whereabouts prior to the fire, as well as their financial status.

Plaintiffs subsequently brought this action alleging the denial of their claim was a breach of the insurance contract and in bad faith. This Court already dismissed the bad faith claim. Doc. 42. The sole claim remaining at trial is for breach of contract. With trial scheduled to begin on February 4, 2013, there are currently six motions pending.

### III. LAW AND ANALYSIS

#### A. Defendant's Motion for to Present Testimony of Bruce Smith Via Deposition

Defendant moves to present testimony of Bruce Smith via deposition as the witness was thought to be unavailable on the trial date. Defendant's counsel has since discovered Bruce Smith will be available to testify in open court. This Motion is, thus, **HELD INABEYANCE**. If Bruce Smith is indeed unavailable for trial, the Court will rule on this Motion at that time. Plaintiff has had the opportunity to depose Bruce Smith.

#### B. Defendant's Motion for Extension of Time to Designate Portions of Smith's Deposition

Defendant requests the Court grant an extension of its time to designate the portions of Bruce Smith's deposition it would introduce at trial. Since Bruce Smith will testify in open court, this Motion is, **MOOT**.

#### C. Defendant's Motion to Exclude Witnesses Listed in Plaintiffs' 26(a)(1) Disclosure

Defendant moves to exclude from testifying individuals identified by Plaintiffs' in their Rule 26(a)(1) Disclosures. At the Final Pretrial Conference, Plaintiffs stated that their only witnesses are Plaintiffs themselves. Since Plaintiffs will not call the individuals listed in their Disclosures, this Motion is **GRANTED** as **MOOT**.

#### D. Defendant's Motion to Prevent Anticipated Hearsay at Trial

Defendant moves to prevent Plaintiffs from introducing at trial statements of David Shonk. Since Plaintiffs are calling themselves as their only witnesses, there is no concern that Shonk's testimony would be introduced directly. Nevertheless, Defendant is concerned

Plaintiffs may attempt to indirectly introduce Shonk's previous statements through their own testimony. This Court has already ruled on this issue. On February 23, 2011, the Court ruled that "any statement of Mr. Shonk, whether presented directly or indirectly, is not admissible evidence and will not be considered." *Order Granting in Part and Denying in Part Motion to Strike*, Doc. 42. That ruling remains the law of the case and Plaintiffs failure to comply with Rule 26 provided good cause for the Court to exclude Shonk's statements. Thus, this Motion is **GRANTED**. Any statement of Mr. Shonk is not admissible evidence and will not be considered.

### E. Defendant's Motion to Define Available Contractual Remedies

Defendant moves the Court to rule as a matter of law that the contractual damages available to Plaintiffs at trial are limited to $92,879.63. Defendant and Plaintiffs both stipulate that the total policy limit is $500,019.55. Parties also stipulate that Defendant has already paid out, under the policy, a total of $236,877.48 to Plaintiffs, mortgagees, and Fairfield County, for past due taxes. After deducting those payments, $263,122.52 remains on the policy before the limit is reached. Nevertheless, Defendant argues the Court should cap the amount recoverable by Plaintiff at $92,879.63 because that is the Actual Cash Value of Plaintiffs' losses.

By the terms of Defendant's Policy it pays out the Actual Cash Value for Building Structure Reimbursement and Personal Property Reimbursement. Defendant's Policy does, however, allow policy holders to "make claim for additional payment . . . if [policy holders] repair or replace the damaged, destroyed or stolen covered property within 180 days of the actual cash value payment." Doc. 55 at 4. The sole claim remaining for trial is the breach of contract claim against Defendant. Defendant correctly states that in such a case, the measure of damages "is the amount that an insurer would have owed under the policy." *Andrade v. Credit Gen. Ins. Co.*, 2000 WL 1751304 (Ohio Ct. App. Nov. 20, 2000). In the *Andrade* case, however, there was

3

no issue of actual cash value as opposed to replacement cash value. The court merely found the plaintiff "bound by the subject insurance policy limits." *Id.*

In the absence of Ohio case law directly on point, the Court has no cause to restrict further the damages available to Plaintiffs. If a jury finds Defendant has, indeed, breached its insurance policy contract with Plaintiffs, the question of damages is also for the jury. A jury could find Defendant underestimated the Actual Cash Value of Plaintiffs' loss, which would potentially entitle Plaintiffs to a greater amount than Defendant's proposed cap. Defendant has cited no case law which supports so limiting the discretion of the jury. Defendant's Motion is, thus, **DENIED**.

### F. Defendant's Motion to Preclude Application of the "Innocent Spouse" Rule

Defendant moves to preclude application of the "innocent spouse" rule in the instant case. In Ohio, whether the wrongful conduct of one spouse under an insurance contract frustrates recovery by the other spouse depends on "whether the parties intended joint or several coverage." *Wagner v. Midwestern Indem. Co* (1998)., 83 Ohio St.3d 287, 290. If the Court finds the coverage is joint, the culpable spouse's misdeeds prevent the innocent spouse's recovery. In Ohio, "[w]here provision of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208.

There is no question here that coverage is joint as the Policy explicitly states "[t]his policy imposes join obligation on the Named Insured(s) listed on the Policy Declarations as the insured and on that person's resident spouse." Doc. 62 at 6. There is no ambiguity.

This leaves the question of whether the joint obligations apply to Plaintiffs. The Policy here does not "cover any loss or **occurrence** in which any **insured person** has concealed or misrepresented any material fact or circumstance." (emphasis in original) *Id.* at 5. Furthermore,

4

it does not cover "intentional or criminal acts of or at the direction of any **insured person** . . . regardless of whether or not the **insured person** is actually charged with, or convicted of, a crime." (emphasis in original) *Id*. The Policy defines "insured person" as "the person listed under Named Insured(s)" and "that person's resident spouse." *Id*. In case of confusion, the Policy goes on to clarify that an "insured person" is "any relative" and "any person under the age of 21 in [Named Insured's] care" if such person is "a resident of [Named Insured's' household." *Id*.

Here, the inquiry need go no further than to observe that both Richard Trego and Carla Trego are Named Insureds on the Policy. Since they are both insured persons and the Policy does not cover a loss if "any insured person concealed or misrepresented a fact" or if "any insured person" committed or directed to be committed "intentional or criminal acts." If one of the Plaintiffs violated the "Intentional Acts" or "Material Misrepresentation" provisions quoted herein, the other Plaintiff cannot recover under the Policy. Defendant's Motion to Preclude Application of the Innocent Spouse Rule is, thus, **GRANTED**.

## IV. CONCLUSION

In summary, Defendant's Motion to Present Testimony of Bruce Smith Via Deposition is **HELD IN ABEYANCE**. Defendant's Motion for Extension of Time to Designate Portions of Deposition of Bruce Smith is **MOOT**. Defendant's Motion to Exclude Witnesses Listed in Plaintiffs' 26(a)(1) Disclosure is **GRANTED** as **MOOT**. Defendant's Motion to Prevent Anticipated Hearsay at Trial is **GRANTED**. Defendant's Motion to Define Available

Contractual Damages is **DENIED**.  Defendant's Motion to Preclude Application of the Innocent Spouse Rule is **GRANTED**.

 **IT IS SO ORDERED.**


             ___s/ Algenon L. Marbley_____
             **ALGENON L. MARBLEY**
**DATED:  February 1, 2012**    **UNITED STATES DISTRICT JUDGE**